IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SHERI ANN GIVENS,**                         3:12-CV-01790-BR

      **Plaintiff,**                       OPINION AND ORDER

v.

**CAROLYN W. COLVIN,**
**Commissioner, Social Security**
**Administration,**[1]

      **Defendant.**


**KATHRYN TASSINARI**
**MARK A. MANNING**
Harder, Wells, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

      Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**JEFFREY R. McCLAIN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2732

          Attorneys for Defendants

**BROWN, Judge.**

     Plaintiff Sheri A. Givens seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her applications for SSI and DIB on October 2, 2008, and alleged a disability onset date of May 31, 2007. Tr. 133.[2] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on October 8, 2010. Tr. 35-77. Plaintiff was represented by an attorney at the hearing. Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on February 23, 2011, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 13-34. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on August 8, 2012, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on April 15, 1966. Tr. 222. Plaintiff was 44 years old at the time of the hearing. Plaintiff has a high-school education with one year of college classes. Tr. 42, 324. Plaintiff has past relevant work experience as an assistant garden manager, bookkeeper, "customer advocate/customer order clerk," general office clerk, and warehouseman. Tr. 28.

---

[2] Citations to the official transcript of record filed by the Commissioner on May 24, 2013, are referred to as "Tr."

3 - OPINION AND ORDER

Plaintiff alleges disability due to depression, diabetes, "muscle lain," and high cholesterol. Tr. 160.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 22-25.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*,

4 - OPINION AND ORDER

682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a

day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

7 - OPINION AND ORDER

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her May 31, 2007, alleged onset date. Tr. 18.

At Step Two the ALJ found Plaintiff has the severe impairments of obesity, diabetes, chronic pain, anxiety, and degenerative disc disease of the lumbar spine. Tr. 19. The ALJ found Plaintiff's degenerative disc disease of the cervical and thoracic spine and carpal tunnel syndrome are not severe impairments. Tr. 19.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments. Tr. 19. The ALJ found Plaintiff can perform light work. Tr. 21. The ALJ found Plaintiff can sit, stand, and walk for six hours in an eight-hour work day; cannot climb ladders, ropes, or scaffolds; and can occasionally stoop, crouch, crawl, kneel, and climb ramps and stairs. Tr. 21.

At Step Four the ALJ concluded Plaintiff can perform her past relevant work as a bookkeeper, customer-order clerk, and general office clerk. Tr. 28. Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.

8 - OPINION AND ORDER

**DISCUSSION**

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony, (2) improperly rejected the opinions of examining and reviewing physicians and psychologists, and (3) improperly concluded Plaintiff could perform her past relevant work.

**I.  The ALJ gave clear and convincing reasons for partially rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for partially rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,

9 - OPINION AND ORDER

750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause [Plaintiff's] alleged symptoms," but he concluded Plaintiff's testimony "concerning the intensity, persistence, and limiting effects" of her symptoms "are not credible to the extent they are inconsistent with the [RFC]."  Tr. 21.  The ALJ noted the most recent MRI of Plaintiff's lumbar spine found only moderate disc narrowing at the L4-5 and a moderate disc protrusion at L5 with "mild face degenerative change."  Tr. 23, 396.  According to the ALJ, the record reflects Plaintiff's pain was effectively managed with medication and "fairly routine and conservative treatment."  Tr. 23, 28.  For example, on June 2, 2010, Plaintiff described her pain level as a four and stated the combination of Darvocet and Lyrica made her pain bearable.  Tr. 23, 474.  Although Plaintiff reported to the emergency room on August 17, 2010, complaining of back pain, the record reflects Plaintiff had run out of Lyrica and her prescription was renewed.  Tr. 23, 441.  The ALJ points out that none of Plaintiff's treating doctors "proffer[ed] any limitations" and "consistently encouraged"

10 - OPINION AND ORDER

movement and exercise.  Tr. 23.

The ALJ noted Plaintiff's treating physician described Plaintiff in September 2009 as "nonadherent much of the time" with diabetic dietary and exercise recommendations and "nonadherent some of the time" with her diabetes medication.  Tr. 23, 460.  Nevertheless, Plaintiff's treating doctors concluded Plaintiff did not require insulin because her diabetes is "uncomplicated and controlled."  Tr. 24, 457.

In addition, the ALJ noted Plaintiff's treating physician, Annette Stephens, M.D., concluded Plaintiff's "pain diagram is extremely not consistent with [her] MRI or exam findings and just does not appear to make sense."  Tr. 28, 477.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony was not entirely credible as to the intensity, persistence, and limiting effects of her conditions.  The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony in part.

**II. Examining and reviewing physicians' opinions.**

Plaintiff contends the ALJ erred when he gave little weight to the opinion of examining psychologist Ryan Coon, Psy.D., and failed to address portions of the assessment of reviewing psychologist James Bailey, Ph.D.

An ALJ may reject an examining physician's opinion when it

11 - OPINION AND ORDER

is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999). A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Id.* at 600.

**A.   Dr. Coon**

On December 3, 2008, Dr. Coon conducted a psychological

12 - OPINION AND ORDER

diagnostic evaluation of Plaintiff. Dr. Coon concluded Plaintiff was "struggling with a high degree of depression and anxiety" and assessed Plaintiff with a GAF of 46.[3] Tr. 326. Dr. Coon noted "unless [Plaintiff] is able to stabilize her mood via effective treatment, her prognosis is poor." Tr. 326. The ALJ gave "little weight" to Dr. Coon's opinion because Plaintiff "has a network of friends through her church and a strong connection to family." Tr. 25. Dr. Coon, however, specifically found Plaintiff to be "somewhat impaired by a high degree of helplessness . . . which makes her very dependent on others" including her family and members of her church. Tr. 326.

The ALJ also found Dr. Coon's opinion to be unsupported by the opinions of reviewing Disability Determination Services (DDS)[4] examiners. Specifically, Thomas Clifford, Ph.D., and Dr. Bailey diagnosed Plaintiff with a chronic major depressive disorder, but they concluded she had only mild restrictions in activities of daily living and in maintaining concentration,

---

[3] The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100. A GAF of 41-50 indicates serious symptoms (suicidal ideation, severe obsessional rituals frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.*, few friends, unable to keep a job). *Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV) 31-34 (4th ed. 2000).

[4] DDS is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 416.903.

13 - OPINION AND ORDER

persistence, and pace. Tr. 25, 342. The record, however, reflects various treating medical sources have noted Plaintiff's depression is "likely playing a factor in her multiple pain issues," "counseling for [Plaintiff's depression] may help her [with her pain issues] as much as anything," and Plaintiff's "memory problems are most likely from depression." Tr. 377, 381, 385.

On this record the Court concludes the ALJ erred when he gave little weight to the opinion of Dr. Coon that Plaintiff is "struggling with a high degree of depression and anxiety" because he did not provide clear and convincing reasons supported by substantial evidence in the record for doing so.

**B.   Dr. Bailey**

"The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). *See also Manzo v. Social Sec. Admin.*, No. 10-CV-1062-HZ, 2011 WL 4828818, at *7 (D. Or. Oct. 11, 2011)(same).

As noted, reviewing psychologist Dr. Bailey found Plaintiff suffers from a chronic major depressive disorder, but he concluded Plaintiff had only mild restrictions in activities of daily living and in maintaining concentration, persistence, and pace. Tr. 25, 342. Dr. Bailey also concluded Plaintiff had moderate restrictions in maintaining social functioning.

14 - OPINION AND ORDER

Tr. 342. Dr. Bailey also found Plaintiff should have superficial public contact. Tr. 342. The ALJ rejected the portion of Dr. Bailey's opinion that limited Plaintiff to superficial public contact because the record reflects Plaintiff spends between one and two hours, five days per week at her church working with others and that individuals from her church and family regularly assist her and check in on her. The ALJ noted Plaintiff's treating and examining physicians and psychologists also did not suggest Plaintiff had a need for limited contact with the public.

The Court concludes on this record that the ALJ did not err when he rejected the portion of Dr. Bailey's opinion that Plaintiff should have limited public contact because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ erred at Step Four**.

The Court has concluded the ALJ erred when he gave little weight to the opinion of Dr. Coon. The Court, therefore, also concludes the ALJ erred at Step Four when he concluded Plaintiff could perform her past relevant work because when the ALJ reached that conclusion, the ALJ did not include any limitations on Plaintiff's ability to perform work as set out by Dr. Coon.

## REMAND

The Court must determine whether to remand this matter for

15 - OPINION AND ORDER

further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

On this record the Court concludes further proceedings are necessary because it is not clear whether the ALJ would have found Plaintiff can perform her past relevant work or could perform other work that exists in significant numbers in the national economy if he had included Dr. Coon's opinion in his

16 - OPINION AND ORDER

evaluation of Plaintiff's RFC.

Based on the foregoing, the Court concludes a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ to determine (1) whether there are any additional limitations to be included in Plaintiff's RFC if Dr. Coon's opinion is fully credited and (2) whether any such limitations affect the ALJ's determination as to whether Plaintiff can return to her past relevant work or is capable of performing other work that exists in significant numbers in the national economy.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 19th day of February, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge